United States Bankruptcy Court

Northern District of Illinois

Eastern Division

| | |
|---|---|
| In re:<br><br>Rose I. Avalos,<br><br>Debtor. | |
| Rose I. Avalos,<br><br>Plaintiff<br><br>v.<br><br>LVNV Funding, LLC, and<br><br>Resurgent Capital Services, LP<br><br>Defendants. | Bankruptcy No. 13-bk-40865<br><br>Chapter 7<br><br>Adversary No. 15-ap-91 |

**MEMORANDUM OPINION DENYING LVNV'S MOTION TO DISMISS**

This Adversary Proceeding relates to the bankruptcy case filed by debtor-defendant Rose I. Avalos ("Debtor") under Chapter 13 of the Bankruptcy Code. LVNV Funding, LLC ("LVNV") and Resurgent Capital Services LP ("Resurgent," collectively the "Claimants") filed proofs of claim for debts that were past the statute of limitations. Avalos objected to the proofs of claim, which were subsequently disallowed. (Bankruptcy Dkts. 92 & 93.) She also filed this adversary proceeding seeking damages, alleging that filing the proofs of claim violated the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §§ 1692 *et. seq*. The Claimants moved to dismiss this proceeding for failure to state a claim, arguing that filing a proof of claim based on a debt that is past the statute of limitations cannot constitute a violation of the FDCPA as a matter of law. But as found below, such a filing may violate the FDCPA, and accordingly, dismissal will be denied.

## BACKGROUND

On a motion to dismiss under Rule 12(b)(6), all well-pleaded allegations in the complaint are taken as true and all reasonable inferences are drawn in favor of the non-

moving party. *Geinosky v. City of Chicago*, 675 F.3d 743, 746 (7th Cir. 2012). Documents attached to a complaint are considered part of the complaint. F.R.C.P. 10(c) [Rule 7010 Fed. R. Bankr. P.]; *Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013) (citations omitted). The facts regarding the complained of conduct are considered as they are alleged in the Complaint, and are assumed to be true. Since deciding this motion involves the procedural history of the bankruptcy case in this court, judicial notice of that history may be taken. F.R. Evid. 201(c); F.R. Bankr. P. 9017; *see In re Salem*, 465 F.3d 767, 771 (7th Cir. 2006).

The facts as alleged are simple. As part of its business practice, LVNV purchased credit card debt owed by Debtor. Resurgent services debts purchased by debt buyers such as LVNV, and services the debts here. After Debtor filed her chapter 13 petition, LVNV filed the proofs of claim in issue here on February 17, 2014. Proof of Claim 8 asserted credit card debt had been charged off in 2005, with the last payment and last transaction in September, 2007. Proof of Claim 9 asserts credit card debt had been charged off in 2005, with no last payment or last transaction asserted. Debtor has not used or paid either credit card account since 2007, at the latest. It was earlier determined that the applicable statute of limitations for credit card debt in Illinois is five years. (Bankruptcy case Dkts. 92 & 93.) Therefore, both claims were denied as barred by limitations when filed in the related bankruptcy case.

## DISCUSSION

### JURISDICTION AND VENUE

Subject matter jurisdiction for this proceeding lies under 28 U.S.C. § 1334. The district court may refer bankruptcy proceedings to a bankruptcy judge under 28 U.S.C. § 157, and this proceeding was thereby referred here by District Court Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. Venue lies under 28 U.S.C. § 1409.

2

This proceeding is not "core" under the Judicial Code because it neither "arises under" nor "arises in" a bankruptcy case. "Bankruptcy Judges may hear and determine … all core proceedings arising under title 11, or arising in a case under title 11." 28 U.S.C. § 157(b)(1). "If the proceeding does not invoke a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy it is not a core proceeding; it may be *related* to the bankruptcy because of its potential effect, but under section 157(c)(1) it is an "otherwise related" or non-core proceeding." *Barnett v. Stern,* 909 F.2d 973, 981 (7th Cir. 1990) (emphasis in the original).

This proceeding does not arise under title 11 because "[a] cause of action under the FDCPA 'arises under' Title 15, not under Title 11." *Lagrone v. LVNV Funding, LLC,* 13-bk-21423 14-ap-578 at *2 (Bankr. N.D. Ill. January 21, 2015) (Wedoff, J.) It does not arise in a case under title 11 because "[a]rising in" proceedings are those "that arise during the bankruptcy proceeding and concern the administration of the bankrupt estate, such as whether to discharge a debtor." *Zerand-Bernal Grp., Inc. v. Cox,* 23 F.3d 159, 162 (7th Cir. 1994). Rather, this proceeding is an action that could have independently been commenced as a civil action in the District Court under federal question jurisdiction. 28 U.S.C. § 1331; *Lagrone v. LVNV Funding, LLC,* 13-bk-21423 14-ap-587 at *3 (citing *Buckley v. Bass & Assoc.,* 249 F.3d 678 (7ᵗʰ Cir. 2001), or in a state court.

A proceeding is "related to" the bankruptcy case if it affects the "amount of money available for distribution or the allocation of property among creditors." *Elscint, Inc. v. First Wisconsin Fin. Corp, (In re Xonics, Inc.),* 813 F.2d 127, 131 (7ᵗʰ Cir. 1987). The Debtor's FDCPA proceeding here is related to his Chapter 13 bankruptcy case because it could have an effect on payments to his creditors. As in *LaGrone,* Debtor's plan provides for a fixed amount to be paid to creditors. (Bankruptcy case Dkt. 31.) Therefore, as in *LaGrone,* any recovery Debtor receives from the FDCPA action could be a basis for increased plan payments under § 1329(a)(1) of the Code.

3

In a noncore proceeding, a bankruptcy judge may hear the proceeding and submit proposed findings of fact and conclusions of law for review by a District Judge. 28 U.S.C. § 157(c)(1). With consent of the parties, a bankruptcy judge may also enter final judgment. 28 U.S.C. § 157(c)(2); *Wellness Int'l Network, Ltd. v. Sharif*, No. 13-935, at *9 (U.S. May 26, 2015) ("Applying these factors, we conclude that allowing bankruptcy litigants to waive the right to Article III adjudication of Stern claims does not usurp the constitutional prerogatives of Article III courts."). The Claimants here have not stated whether they consent or not, nor are they required to do so until an Answer is filed. Rule 7012(b), F.R. Bankr. P. ("A responsive pleading shall admit or deny an allegation that the proceeding is core or non-core. If the response is that the proceeding is non-core, it shall include a statement that the party does or does not consent to entry of final orders or judgment by the bankruptcy judge."). Whether there is such consent or not, an initial motion to dismiss ordinarily does not call for a final adjudication. *LaGrone v. LVNV Funding, LLC*, 13-bk-21423 14-ap-578 at *3 (Bankr. N.D. Ill. January 21, 2015). When appropriate, dismissal with prejudice can be recommended to the District Court. Therefore, the present motion to dismiss is within authority of a bankruptcy judge to decide.

### MOTIONS TO DISMISS UNDER RULE 12(b)(6)

A motion to dismiss under Rule 12(b)(6) [F.R.C.P., Rule 7012 F.R. Bankr. P.] tests the sufficiency of the complaint rather than the merits of the case. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). "The consideration of a 12(b)(6) motion is restricted solely to the pleading, which consist generally of the complaint, any exhibits attached thereto, and supporting briefs." *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); Rule 10(c) [F.R.C.P.; Rule 7010 F.R. Bankr. P.]. All well-pleaded allegations of the complaint are assumed true and read in the light most favorable to the plaintiff. *United Indep. Flight Officers, Inc. v. United Air Lines, Inc.*, 756 F.2d 1262, 1264 (7th Cir. 1985). If the complaint contains allegations from which a trier

4

of fact may reasonably infer evidence as to necessary elements of proof available for trial, dismissal is improper. *Sidney S. Arst Co. v. Pipe fitters Welfare Educ. Fund*, 25 F.3d 417, 421 (7th Cir. 1994).

FILING STALE PROOFS OF CLAIM VIOLATES THE FDCPA

Claimants argue that the facts alleged – that the Claimants filed proofs of claim in the Debtor's bankruptcy case based on debts barred by the statute of limitations – do not constitute a ground for relief because filing such proofs of claim did not violate the FDCPA. However, the FDCPA provides that "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C.A. § 1692e. Section 1692e goes on to enumerate examples of prohibited conduct "[w]ithout limiting the general application of the foregoing." *Id*. In particular, the Complaint alleges that filing a proof of claim on a stale debt is a misrepresentation of the legal status of the debt (§ 1692e(2)(A)), a threat to take action that cannot legally be taken (§ 1692e(5)), and the use of a deceptive means to collect or attempt to collect a debt (§ 1692e(10)).

There has been much litigation on the question of whether filing proofs of claim for stale debt violates the FDCPA. A recent opinion in this District by Judge Bucklo carefully explained the history as is relevant in the Seventh Circuit. Since the opinion is unpublished, the illuminating history is quoted here at length:

> Whether the FDCPA prohibits debt collectors from filing time-barred claims in bankruptcy has produced a split between the Eleventh Circuit, on the one hand, and the Second and Ninth Circuits on the other. *Compare Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1262 (11th Cir.2014) (holding that filing a time-barred claim in a bankruptcy case violates the FDCPA), *petition for cert. denied*, 135 S.Ct. 1844 (2015)), *with Simmons v. Roundup Funding, LLC*, 622 F.3d 93, 96 (2d Cir.2010) (holding that "filing a proof of claim in bankruptcy court cannot form the basis for an FDCPA claim"); *In re Chaussee*, 399 B.R. 225, 235–41 (B.A.P. 9th Cir.2008) (same). In the Second Circuit's view, "[t]here is no need to protect

debtors who are already under the protection of the bankruptcy court, and there is no need to supplement the remedies afforded by [the] [B]ankruptcy [Code] itself." *Simmons*, 622 F.3d at 96. The remedies available to a debtor in bankruptcy who faces time-barred claims include (1) objecting to the claim under 11 U.S.C. § 502(a) and Bankruptcy Rule 3007 and (2) seeking sanctions against the would-be claimant under 11 U.S.C. § 105 and Bankruptcy Rule 9011(c). The Second and Ninth Circuits think these remedies are exclusive such that they preclude FDCPA suits premised on the filing of time-barred claims in bankruptcy.

The Seventh Circuit has not weighed in on whether filing a time-barred claim in bankruptcy is actionable under the FDCPA. *But see Buckley v. Bass & Assoc.*, 249 F.3d 678, 681 (7th Cir.2001) (stating, in dicta, that "the filing of a claim in bankruptcy ... [is] outside the scope of the Fair Debt Collection Practices Act"). I do not read *Buckley* to say that a claim filed in bankruptcy can never, under any circumstances, violate the FDCPA's ban on false, deceptive, or misleading debt collection practices. *Buckley* offers no rationale for such a rule, perhaps because the only holding in the case was that inquiring whether a debtor has filed for bankruptcy without including the disclosure required by 15 U.S.C. § 1692e(11) is not a *per se* violation of the FDCPA. *Buckley* mentioned the bankruptcy claims filing process in the context of discussing how a "have you filed for bankruptcy" inquiry might be construed—i.e., as "a prelude not to a dunning letter but to the filing of a claim in bankruptcy"—in a future case. *Buckley*, 249 F.3d at 681. In short, *Buckley* does not establish a per se rule that filing a claim in bankruptcy never violates the FDCPA no matter how false, deceptive, or misleading the claim might be.

The most relevant guidance from the Seventh Circuit on the question presented in this case comes from *Randolph v. IMBS, Inc.*, 368 F.3d 726 (7th Cir. 2004), which holds that the Bankruptcy Code and FDCPA provide overlapping remedies unless there is an "irreconcilable conflict between the statutes." *Id.* at 730; *accord Simon v. FIA Card Servs., N.A.*, 732 F.3d 259, 274 (3d Cir.2013). *Randolph* went on to hold that a debtor who receives a dunning letter after filing for bankruptcy may sue under the FDCPA—on ground that the demand for payment is a false statement in light of the Bankruptcy Code's automatic stay on certain debt collection

6

activities, 11 U.S.C. § 362(a)—notwithstanding the availability of
contempt sanctions under the Bankruptcy Code, *id.* at § 362(k)(1).
*See Randolph,* 368 F.3d at 730; *contra Walls v. Wells Fargo Bank, N.A.,*
276 F.3d 502, 510–11 (9ᵗʰ Cir.2002). It was "easy" to enforce both the
Bankruptcy Code's contempt provision and the FDCA's ban on
false or misleading representations despite the existence of
"operational differences" between the statutes. *Randolph,* 368 F.3d
at 730; *cf. Buckley,* 249 F.3d at 681 (rejecting a reading of the FDCPA
that would place it on "a collision course" with the Bankruptcy
Code).

*Randolph* implicitly overruled two district court decisions holding
that the Bankruptcy Code provides the exclusive means to
challenge allegedly inflated claims filed in bankruptcy and
precludes parallel FDCPA claims. *SeeGray–Mapp v. Sherman,* 100
F.Supp.2d 810, 814 (N.D. Ill. 1999) (Kennelly, J.); *Baldwin v. McCalla,
Raymer, Padrick, Cobb, Nichols & Clark, LLC,* No. 98 C 4280, 1999 WL
284788, at *4 (N.D. Ill. Apr. 26, 1999) (Coar, J.).

Since *Randolph,* district courts in this circuit have generally declined
to dismiss FDCPA suits that challenged the filing of time-barred
claims in bankruptcy as a false, deceptive, or misleading debt
collection practice. (Citing *Taylor v. Midland Funding, LLC,* No. 14 C
9277, Dkt. No. 47 (N.D. Ill. Mar. 20, 2015) (Guzman, J.); *Elliot v.
Cavalry Investments, LLC,* No. 1:14–cv–01066–JMS–TAB, 2015 WL
133745 (S.D. Ind. Jan. 9, 2015) (Magnus–Stinson, J.); *In re Brimmage,*
523 B.R. 134 (Bankr. N.D. Ill.2015) (Cox, J.); *Grandidier v. Quantum3
Grp., LLC,* No. 1:14–CV–00138–RLY–TAB, 2014 WL 6908482 (S.D.
Ind. Dec. 8, 2014) (Young, C.J.); *Patrick v. PYOD, LLC,* 39 F. Supp. 3d
1032 (S.D. Ind. 2014) (Young, C.J.); *Smith v. Asset Acceptance, LLC,*
510 B.R. 225 (S.D. Ind. 2013) (Lawrence, J.). There are, however, two
exceptions to this trend. (citing *Robinson v. eCast Settlement
Corporation,* No. 14 C 8277, 2015 WL 494626, at *3 (N.D. Ill. Feb. 3,
2015) (Shah, J.); *In re LaGrone,* 525 B.R. 419, 426 (Bankr. N.D.
Ill.2015) (Wedoff, J.) *Reed v. LVNV Funding, LLC,* No. 14 C 8371,
2015 WL 1510375, at *3 (N.D. Ill. Mar. 27, 2015))

The Seventh Circuit recently denied an interlocutory appeal
petition asking the court to resolve the split over whether filing an
untimely claim in bankruptcy is a false, deceptive, or misleading

7

debt collection practice. *See In re PYOD, LLC*, No. 14–8028, Dkt. No. 6 (7th Cir. Nov. 21, 2014)

*Reed v. LVNV Funding, LLC*, No. 14 C 8371, 2015 WL 1510375, at *2-3 (N.D. Ill. Mar. 27, 2015) (Bucklo, J.) (citation updated to reflect denial of certiorari in *Crawford*), denying a motion to dismiss.

## FILING PROOFS OF CLAIM HERE SOUGHT TO COLLECT A DEBT

Section 1692e prohibits the "use any false, deceptive, or misleading representation or *means in connection with the collection of any debt*." 15 U.S.C. § 1692(e) (emphasis supplied). Claimants argue that filing a proof of claim is not an act to collect a debt. However, filing a proof of claim in a Chapter 13 bankruptcy case is certainly a *means in connection with the collection of any debt*, since that proof of claim is directed at a debtor and seeks payment out of future income. Claimants argue that filing a proof of claim is not an act to collect a claim, but merely "a request to participate in the distribution of the bankruptcy estate under court control." *Quoting In re McMillen.*, 440 BR 907, 912 (Bankr. N.D. Ga. 2010). That is belied by their own argument regarding the "clock-work" nature of the claims allowance process. Creditors file proofs of claim to receive payment on their claims. In a Chapter 7 case, the assets in the estate are fixed as of the filing of the petition, and so ordinarily the debtor is not affected. In a Chapter 13 case, on the other hand, once a proof of claim is allowed the claim is paid out of a debtor's post-petition income.

Claimants also maintain that there is no prohibition against filing proofs of claim for stale debt, arguing that even if a debt is stale, it is still a "claim" under § 101(5). But stale debt does not give rise to a claim. A claim is a "right to payment, whether or not such a right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." § 101(5). A debt barred by the statute of limitations gives rise to at most a moral obligation to pay. Without more, a moral obligation is not a claim under § 101(5).

8

Claimants further argue that if filing a proof of claim were an action to collect on a debt, the automatic stay would prohibit filing proofs of claim, and therefore the structure of the Bankruptcy Code leads to the conclusion that a proof of claim is not an action to collect on a debt. However, as the opinion in *LaGrone* explains, "it is well established that the automatic stay does not prohibit actions in the bankruptcy itself." *LaGrone* at *9.

### FILING PROOFS OF CLAIM FOR STALE DEBT MAY BE DECEPTIVE

The Eleventh Circuit's reasoning extending the prohibition to filing proofs of claim for stale debt is simple and correct:

> The reason behind LVNV's practice of filing time-barred proofs of claim in bankruptcy court is simple. Absent an objection from either the Chapter 13 debtor or the trustee, the time-barred claim is automatically allowed against the debtor pursuant to 11 U.S.C. § 502(a)-(b) and Bankruptcy Rule 3001(f). As a result, the debtor must then pay the debt from his future wages as part of the Chapter 13 repayment plan, notwithstanding that the debt is time-barred and unenforceable in court.

*Crawford,* 758 at 1259 (11th Cir. 2014).

In coming to his conclusion that filing a stale proof of claim does not violate the FDCPA, Judge Wedoff's scholarly opinion in *LaGrone* disagrees with that assessment. The first area of disagreement is as to what the FDCPA prohibits. The *LaGrone* opinion begins its analysis of whether proofs of claims for stale debts violates the FDCPA by reasoning that "[t]he FDCPA sets out no prohibition against a debt collector pursuing collection of a debt subject to a limitation defense." Instead, the *LaGrone* opinion reasons that the FDCPA only prohibits conduct set forth in particular provisions, such as false representations (§ 1692e(2)(A)), threats of illegal action (§ 1692e(5)), deceptive means of collection (§ 1692e(10)), and unconscionable conduct (§ 1692f).

To the contrary, the FDCPA does not merely prohibit particular conduct set forth in various provisions. Rather, it "'imposes open-ended prohibitions on, inter alia, false,

deceptive, or unfair' debt-collection practices." *Crawford*, 758 F.3d at 1257 (11th Cir. 2014)

(citing *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 587 (2010)).

The FDCPA prohibits by its own terms, "any false, deceptive, or misleading

representation or means in connection with the collection of any debt." 15 U.S.C. §

1692e. The particular provisions in the various subsections cited are by their own terms

examples of that prohibition. *Id*. The FDCPA also prohibits "unfair or unconscionable

means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

Although the collection of stale debts is not specifically prohibited in any

subsection of § 1692e or § 1692f, courts have interpreted the broad general prohibition

to prohibit the filing of untimely lawsuits against consumer debtors. A panel of the

Seventh Circuit Court of Appeals has ruled that state court lawsuits to collect stale debt

violates the FDCPA:

> Indeed, the unfairness of such conduct is particularly clear in the
> consumer context where courts have imposed a heightened
> standard of care—that sufficient to protect the least sophisticated
> consumer. Because few unsophisticated consumers would be aware
> that a statute of limitations could be used to defend against
> lawsuits based on stale debts, such consumers would unwittingly
> acquiesce to such lawsuits.

*Phillips v. Asset Acceptance, LLC*, 736 F.3d 1076, 1079 (7th Cir. 2013) (quoting *Kimber v.*

*Federal Financial Corp.*, 668 F. Supp. 1480, 1487 (M.D. Ala. 1987).

The *LaGrone* opinion disagrees on four grounds. First, in bankruptcy, a debtor

has the benefit of a trustee who is charged with a fiduciary duty to examine proofs of

claim and object. *LaGrone* at *4. Second, a proof of claim seeks payment from a limited

fund even in a chapter 13. *Id*. Third, debtors in bankruptcy often have counsel. *Id*. at 12.

Finally, objecting to a proof of claim would be easier and less embarrassing than

defending a state court lawsuit. Debtor argues at length that the supposed advantages

the *LaGrone* opinion finds from bankruptcy proceedings might in fact be illusory. In

reply, the Claimants support the analysis in *Lagrone*. The analysis below supports the Debtor.

### STALE PROOFS OF CLAIM MAY BE DECEPTIVE OR MISLEADING TO UNSOPHISTICATED CHAPTER 13 DEBTORS

In determining whether an act is deceptive, "the court asks whether a person of modest education and limited commercial savvy would be likely to be deceived." *Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 774 (7th Cir. 2007). *Evory* was an opinion in multiple consolidated appeals from cases in different procedural postures. *Id.* at 772. It presented the question of what standard should apply in determining whether conduct is deceptive under the FDPCA, among other questions. *Id.* at 773. Judge Posner held that because "the statute is intended for the protection of unsophisticated consumers," a communication is misleading if it would deceive "a person of modest education and limited commercial savvy." *Id.* at 773. It does not matter whether the actual client was deceived, only whether a hypothetical unsophisticated customer *would* be deceived. *Id*

The unsophisticated consumer standpoint should apply in bankruptcy as well as outside bankruptcy because the same rationale for the unsophisticated consumer test applies. The FDCPA protects the unsophisticated consumer by deterring debt collectors from using deceptive and unconscionable tactics. The structure of the FDCPA further supports this deterrence regime. In order to give consumers with uncertain actual damages an incentive to sue, the statute provides for liquidated damages and attorney's fees. 15 U.S.C. § 1692k(a)(2)(A) & (a)(3). More tellingly, the statute instructs that the determination of damages should take into account "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." § 1692k(b)(1). An unsophisticated consumer is unlikely to sue under the FDCPA because she does not know about it, just as she does not know about a statute of limitations defense she may have.

11

An unsophisticated consumer receives no protection by virtue of having a right to sue that she does not know about. She may be protected only because (as here) some more sophisticated consumer will hire a lawyer and sue under the FDCPA. Without the FDCPA, a savvy consumer who knows about her statute of limitations defense would just throw away the letter dunning for stale debt, secure in the knowledge that the debt collector cannot collect. But with the FDCPA's statutory damages and attorney's fees provisions at hand, she may sue instead. A classic "Catch-22" would result if the debt collector could successfully argue that its collection acts are not deceptive as to the more savvy consumer who sues because that consumer was never deceived.

Debtor here will be given the opportunity to introduce evidence as to whether a proof of claim for stale debt filed in a Chapter 13 bankruptcy case is deceptive or misleading. Whether a communication is deceptive is a matter of fact, not law. *Evory* 505 F.3d at 776. As Judge Posner explained,

> The intended recipients of dunning letters are not federal judges, and judges are not experts in the knowledge and understanding of unsophisticated consumers facing demands by debt collectors. We are no more entitled to rely on our intuitions in this context than we are in deciding issues of consumer confusion in trademark cases, where the use of survey evidence is routine.

*Id.*

One way to prove deception is with survey evidence, such as might be used to prove confusion in trademark cases. *Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d at 776. The *Evory* opinion disapproved of the survey evidence introduced in one of the cases reviewed by that opinion, remarking that leading questions in surveys are improper. *Id.* at 778. Here, however, bankruptcy proofs of claim are a matter of public record. Plaintiffs may be able to show deception by conducting an empirical study of whether stale proofs of claim are paid, or looking at evidence obtained from defendants as to their success in obtaining payment on stale claims in Chapter 13 cases.

There is likely a tendency to deceive or mislead some debtors by filing proofs of claim for stale debt. Otherwise, there would be no point filing them. By definition, stale debt is debt that is no longer owed.[1] Debt collectors may get paid by a Chapter 13 debtor despite having no right to payment. Claimants' own argument that creditors are "invited" to file proofs of claim shows how deception would take place. Section 502(a) provides that a proof of claim is "deemed allowed unless a party in interest … objects." This "clock-work mechanism" (Claimants' term) puts the burden on the debtor, the trustee, or another creditor to object. Otherwise, the trustee must pay *pro rata* on the claim out of debtors' plan payments according to the Chapter 13 plan. §§ 1322(a)(3), 1326(c). The very fact that debt collectors are systematically engaged in this practice suggests that the practice succeeds in deceiving some part of the debtor population.

Debt buyers probably file proofs of claim in Chapter 13 cases because the usual allowance of many proofs of claim may result in debtors in Chapter 13 bankruptcies paying them out of future income. A debtor may thereby be misled into paying debts that she has no legal obligation to pay. *See Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d at 775 (explaining the difference between deceptive and misleading). Why else would a Chapter 13 debtor fail to object on a stale claim?

The Seventh Circuit opinion in *McMahon v. LVNV Funding, LLC* declined to hold that attempting to collect stale claims was automatically deceptive because some people

---

[1] Once the statute of limitations period expires, a debtor is under no legally enforceable obligation to pay, and the creditor has no legally enforceable right to collect. "[A] statute of limitations is by definition an arbitrary period after which all claims will be cut off." *Barragan v. Casco Design Corp.*, 216 Ill. 2d 435, 448 (2005). Claimant's argument that it has a "right to payment" but is "shut out of … its state court remedies" is nonsense. "Whether a debt is legally enforceable is a central fact about the character and legal status of that debt." *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1020 (7th Cir. 2014). An absent landowner may lose its title to land by adverse possession through the running of a statute of limitations. *See* 735 ILCS 5/13-101. Nor is it of any moment that the statute of limitations must be pleaded as an affirmative defense and may be waived. Rule 8(c), F.R. Civ. P., lists affirmative defenses in federal pleading, including "statute of limitation," and also "payment." A debt that has been paid is not a debt that is owed. Nor is a debt owed when it has been cut off by the statute of limitations.

13

might feel a moral obligation to repay debts that are not legally collectible. 744 F.3d 1010, 1020 (7th Cir. 2014). But Chapter 13 trustees have statutory obligations, not moral ones. Chapter 13 trustees would not pay on a debt they knew did not have to be paid. After all, they "have a fiduciary duty to all parties to 'examine proofs of claim and object to the allowance of any claim that is improper'" *LaGrone* at *11 (citing 11 U.S.C. §§ 704(a)(5) & 1302(b)(1)). Thus, Chapter 13 trustees would only pay on a stale claim on behalf of debtors if they have been deceived or misled.

Because there is no good reason to allow proofs of claim for stale debt, the frequent allowance of and payment on such claims would be enough to show deception. It would be sufficient proof to assemble a large enough representative sample of proofs of claim filed by debt collectors, isolate the proofs of claim for stale debt, and analyze that set to determine how often those proofs of claim are allowed. That would show the rate at which courts, trustees, and debtors are deceived into paying those claims.

Perhaps LVNV or Resurgent have discoverable records analyzing their success from filing proofs of claim for stale debt. It is likely that they keep a record of the proofs of stale claims they file and the success rate of those proofs of claim.

### THERE IS ANOTHER PROHIBITION AGAINST FILING STALE CLAIMS

There is separate prohibition against filing stale proofs of claim if the creditor knows the claim is stale. Rule 9011, F.R. Bankr. P., provides that by signing a proof of claim, "the claims, defenses and other legal contentions therein are warranted by existing laws or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." F.R. Bankr. P. 9011(b)(2). *See Matter of Sekema*, 523 B.R. 651, 653 (Bankr. N.D. Ind. 2015). Certainly Claimants know this rule because the *Sekema* court imposed sanctions of $1000 against Resurgent and LVNV. *Id.* at 655.

14

## CONCLUSION

For the foregoing reasons, the motion to dismiss will be denied by separate order.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Dated this 12 day of June, 2015